**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **vs.** | **Case No.:   1:24-MJ-88** |
| | **(JUDGE ALOI)** |
| **ROBERT DAVID SIMS,** | |
| **Defendant.** | |

**<u>ORDER FINDING PROBABLE CAUSE AND DETAINING DEFENDANT</u>**

On October 11, 2024, came the United States of America by Brandon S. Flower, Assistant United States Attorney, and came Defendant, Robert David Sims, who appeared in person and by his counsel, DeAndra N. Burton, for an Initial Appearance, Preliminary Hearing, and Detention Hearing on the Motion to Detain filed by the Government [ECF No. 5], in accordance with the Bail Reform Act, Title 18, United States Code, Section 3142(f) in regard to the criminal complaint filed herein. U.S. Probation Officer Evin Thomas also was present for the proceedings.

By filing on the Court's CM/ECF system, the Court gave notice to the Government's attorney that pursuant to the Due Process Protections Act of 2020, the Court reminds counsel that under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny, failing to disclose favorable evidence to the accused violates due process where the evidence is material either to guilt or punishment. Further, the Court noted that consequences for a <u>Brady</u> violation can include, but are not necessarily limited to, a vacated conviction and disciplinary actions against the prosecutor. [ECF No. 12].

In the instant matter, Defendant is charged in the Criminal Complaint with Attempt to Corruptly Persuade Testimony in an Official Proceeding, in violation of Title 18, United States Code, Section 1512(b)(1). During proceedings on October 11, 2024, the parties presented

1

evidence, and witness testimony was taken. For context, Defendant is the subject of a criminal proceeding also pending in this Court, bearing Case No. 1:23-CR-19-1. In that other matter, Defendant had been released on pre-trial bond therein, per the terms of an Order Setting Conditions of Release. The allegations giving rise to the Criminal Complaint herein are the same allegations giving rise to a Petition for Action on Conditions of Pre-Trial Release, lodged in Case No 1:23-CR-19-1. Thus, when the Court convened the instant matter for proceedings, it also convened revocation proceedings in Case No. 1:23-CR-19-1.

In the revocation proceedings in Case No. 1:23-CR-19-1, the Court heard witness testimony, received exhibits into evidence, and heard the arguments of counsel – all of which inform the Court as to a determination of whether probable cause lies in the instant matter. In Case No. 1:23-CR-19-1, the Court entered a Bond Revocation Order which summarizes that evidence and argument. Thus, the Court incorporates herein, by reference, the evidence and argument adduced in the revocation proceedings in Case No. 1:23-CR-19-1.

Based upon the testimony, evidence, and argument offered in those proceeding, and the affidavit supporting the Criminal Complaint in the matter, the undersigned **FINDS** there is probable cause that Defendant engaged in the offense as alleged in the criminal complaint. Accordingly, the undersigned **ORDERED** that Defendant be bound over pending further proceedings under Rule 5.1(a).

As for the matter of detention in the instant matter, in Case No. 1:23-CR-19-1, the Court entered a Bond Revocation Order by which Defendant's pre-trial bond was revoked and he was remanded to the custody of the United States Marshals Service. As such, on the question of detention in the instant matter, the Court inquired as to counsel for both parties whether it is necessary to set forth findings herein about Defendant's risk of flight or danger to the community.

Both counsel for the Government and counsel for Defendant stated on the record that such findings are unnecessary, given that Defendant now is detained in Case No. 1:23-CR-19-1.

Accordingly, then, the Government's motion to detain herein [ECF No. 5] is **GRANTED.** Thus, it is hereby **ORDERED** that:

1.      Defendant is hereby remanded to the custody of the United States Marshals Service pending further proceedings in this case;

2.      Defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3.      Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel;

4.      On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and

5.      Any Party seeking revocation or amendment of this Order shall file a motion pursuant to 18 U.S.C. §3145.

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED: October 11, 2024.**

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

3